# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BRANDON S. KILLORAN,

        Plaintiff,        Case No. 2:18-cv-449

  -v.-                         Judge Sarah D. Morrison
                            Chief Magistrate Judge Elizabeth P. Deavers

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## OPINION AND ORDER

Plaintiff Brandon S. Killoran brings this action under 42 U.S.C. § 405(g) for review of a final decision by the Commissioner of Social Security ("Commissioner") to deny his application for disability insurance benefits. This matter is before the Court on Mr. Killoran's Objections (ECF No. 22) to the Report and Recommendation (R&R) issued by the United States Magistrate Judge on July 29, 2019 (ECF No. 21), recommending that the Court overrule Mr. Killoran's Statement of Specific Errors and affirm the Commissioner's decision. For the reasons set forth below, the Court **OVERRULES** Mr. Killoran's Objections, **ADOPTS** the R&R, and **AFFIRMS** the Commissioner's decision.

## I. BACKGROUND

### A. Procedural History

Mr. Killoran filed his application for disability insurance benefits on December 22, 2015. (R. at 248–51, ECF No. 7.) His claims were denied initially on February 17, 2016, and upon reconsideration on April 20, 2016. (R. at 152–61.) Mr. Killoran requested a *de novo* hearing

1

before an administrative law judge ("ALJ"), which was held by ALJ Paul Yerian on September 19, 2016. (R. at 32–66.) On November 18, 2016, the ALJ issued his decision finding that Mr. Killoran was not disabled within the meaning of the Social Security Act. (R. at 125–42.) On February 28, 2017, the Appeals Council vacated the ALJ's decision, finding that the ALJ had incorrectly determined Mr. Killoran's last insured date. (R. at 146–48.)

On May 10, 2017, ALJ Yerian held a second hearing. (R. at 67–89.) Subsequent to this hearing, ALJ Yerian retired, and Mr. Killoran's case was reassigned to ALJ Jeannine Lesperance. (R. at 244.) On November 22, 2017, ALJ Lesperance issued her decision based on the hearing previously held by ALJ Yerian. (R. at 6–26.) On March 9, 2018, the Appeals Council denied Mr. Killoran's request for review and affirmed the ALJ's decision. (R. at 1–5.)

Mr. Killoran filed this case on May 8, 2018 (ECF No. 1), and the Commissioner filed the administrative record on August 7, 2018 (ECF No. 7). Mr. Killoran filed a Statement of Specific Errors (ECF No. 9), to which the Commissioner responded (ECF No. 16), and Mr. Killoran filed a Reply (ECF No. 19). On July 29, 2019, the Magistrate Judge issued her R&R. (ECF No. 21.) After a thorough analysis, the Magistrate Judge recommended affirming the Commissioner's non-disability finding. On August 12, 2019, Mr. Killoran filed his Objections to the R&R. (ECF No. 22.) The Commissioner has not filed a response and the deadline to do so has since passed.

B.     **Relevant Record Evidence**

Given the Magistrate Judge's thorough R&R, only a small portion of the background evidence need be highlighted here. Mr. Killoran, a veteran, was previously determined by the Department of Veterans Affairs ("VA") to be eligible for VA benefits based on his having various "service-connected disabilities." He was determined to be eligible on May 8, 2009, with

subsequent revisions to his eligibility on February 25, 2012, and March 10, 2016. (R. at 354–65, 567–577.)

On March 10, 2016, the VA determined that Mr. Killoran was entitled to "individual unemployability" because he was "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities." (R. at 568.) In particular, the VA highlighted Mr. Killoran's post-traumatic stress disorder ("PTSD") and major depressive disorder. (R. at 568.) In making its determination, the VA considered documentation from October 2015 and February 2016. (R. at 573.)

ALJ Lesperance conducted an extensive analysis of Mr. Killoran's symptoms, including comparing his testimony with his medical records. (R. at 19–22.) Among other things, she concluded based on the medical records that during the relevant time period, Mr. Killoran's condition was not as severe as he indicated in his testimony (July 25, 2014, through December 2015). (R. at 14, 19–20.) She also found the VA's determinations to be inconsistent with the medical records. (R. at 19–20.) The ALJ considered the determinations that the VA had made but concluded that they warranted "little weight" because of these inconsistencies and because the VA has a different disability determination process. (R. at 23.)

Among her detailed findings, the ALJ noted that although Mr. Killoran was diagnosed with vasovagal syncope in 2005, his medical file did not document any episodes during the relevant period. (R. at 15.) As a result, she concluded that his vasovagal syncope was a non-severe impairment. (R. at 15.) She also noted that Mr. Killoran's medical records during the relevant period contained no complaints of tinnitus and that his ear inspections during the relevant period were normal. (R. at 15.) The ALJ also noted that there was no objective evidence in the record showing that Mr. Killoran's traumatic brain injury had affected him in any way

3

during the relevant period. (R. at 15.) Ultimately, the ALJ found that Mr. Killoran had a number of severe impairments but that these impairments did not render him disabled for purposes of social security eligibility. (R. at 14, 25–26.)

## II. STANDARD OF REVIEW

When reviewing an ALJ's decision, the Court's role is limited to determining whether the Commissioner's decision "is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

The Court does not review the ALJ's decision *de novo*. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). To the contrary, "[t]he substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Even if "substantial evidence exists in the record to support a different conclusion," that is not an adequate basis for reversal. *Id.*

## III. ANALYSIS

In his Statement of Specific Errors, Mr. Killoran makes two arguments in support of his efforts to reverse the ALJ's decision—1) that the ALJ failed to evaluate properly the findings from the VA and 2) that the ALJ's failure to hold a supplemental hearing substantially prejudiced Mr. Killoran. (ECF No. 9, at 5, 8.) However, Mr. Killoran only raises the first as an

objection to the R&R. (ECF No. 22, at 2–3.) As a result, the Court finds it unnecessary to address Mr. Killoran's second argument and adopts the R&R's conclusions on the second argument.

With regard to his first argument, Mr. Killoran faults the ALJ for relying too much on the differences in the disability determinations between the VA and the Social Security Administration ("SSA"). (ECF No. 22, at 2.) He also claims that "the ALJ does nothing more than simply declare that the VA decision was inconsistent with the record." (*Id.* at 3.) This is not a fair reading of the ALJ's decision.

The ALJ explained two reasons why she did not credit the VA's disability determination. One was based on the different analyses conducted by the different agencies. This is an important point because disability determinations by other governmental agencies are not binding on the SSA. 20 C.F.R. § 404.1504. That is true even when the disability requirements of the agency at issue are identical. *Turcus v. Soc. Sec. Admin.*, 110 F. App'x 630, 632 (6th Cir. 2004). It is thus significant where, as here, the analytical framework is entirely different. Regardless, this was the beginning of the ALJ's analysis, not the end.

The other reason that the ALJ did not credit the VA's disability determination was that she determined that the VA's decision was not consistent with the medical records that she examined. Mr. Killoran claims that the ALJ did not explain this determination, but that is not correct. The ALJ's decision contains several pages of analysis during which she explains how some of the VA's findings were not borne out by the records that the ALJ reviewed. (R. at 19–20.)

To begin with, the VA's first two determinations (in 2009 and 2012) pre-date the relevant period and were thus irrelevant to the ALJ's decision. As a result, only the VA's October 2016

analysis is at issue. Although, how much of this analysis was based on documentation from the relevant time period remains unclear, since the VA says that it relied on a document from October 2015 (near the very end of the relevant period) and two letters from February 2016 (after the relevant period). The specific time period analyzed is particularly important because of Mr. Killoran's changing condition. For example, it appears that his chronic lumbar strain improved over time, since the VA decreased the amount that it took this into consideration between the 2012 and 2016 letters. (R. at 569–70.) His migraines improved as well. (R. at 572.)

The most acute difference is with regard to Mr. Killoran's PTSD. In its October 2016 analysis, the VA determined that Mr. Killoran's PTSD with traumatic brain injury to include syncope was the primary basis for their disability determination. (R. at 570.) In contrast, the ALJ found that Mr. Killoran's medical records during the relevant time period showed no instances of syncope or any indications that his traumatic brain injury had "ongoing residuals." (R. 15.) The ALJ thus found these to be non-severe impairments. Similarly, although the VA found that tinnitus contributed to Mr. Killoran's disability, the ALJ found no complaints in Mr. Killoran's medical records during the relevant time period, or any abnormal ear inspections.

Mr. Killoran criticizes the ALJ for not giving sufficient consideration to the VA's determination, but he does not identify any place where she went wrong. He does not identify anything in the record that contradicts her analysis or her conclusions. He does not identify any way in which the VA's analysis was superior. And he does not identify anything that the ALJ overlooked. In other words, he claims that the ALJ did not do enough to "consider" the VA's findings, but he does not specifically identify anything that she did not consider.

In sum: The ALJ gave full consideration to the VA's determination and only disregarded it after finding that it was inconsistent with the medical records she examined. The ALJ's and the

VA's analyses encompassed different time periods, so it is not surprising that their conclusions differ. And regardless of whether the ALJ's analysis is superior to the VA's, there is substantial evidence to support it. For purposes of this Court's review, that is all that legally matters.

The Court concludes that substantial evidence supports the ALJ's decision denying benefits and **OVERRULES** Mr. Killoran's objection.

## IV. CONCLUSION

Based upon the foregoing, and pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, after a *de novo* determination of the record, this Court concludes that Mr. Killoran's objection to the R&R is without merit. The Court, therefore, **OVERRULES** Mr. Killoran's objection (ECF No. 22), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 21), and **AFFIRMS** the Commissioner's decision. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Order and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

**/s/ Sarah D. Morrison**
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**